ANNA WEBB *v.* J. W. FORMAN.

**Marriage Contract—Capacity of Party to Contract.**
> A person having a living husband from whom she has not been divorced cannot make a binding contract to marry another conditioned upon a divorce being granted.

**Capacity to Contract.**
> The same capacity is required to make a contract to marry upon a contingency that is requisite to make an absolute contract to marry at a future time. A contract must be valid when entered into or it never can be valid.

APPEAL FROM BULLITT CIRCUIT COURT.

May 4, 1876.

OPINION BY JUDGE COFER:

At the time of making the alleged agreement to marry, the appellant had a living husband from whom she had not been divorced, and she was therefore legally incapacitated to make a valid contract for a second marriage. Counsel, in effect, concede that such is the law in regard to an absolute and unconditional agreement, but they seek to establish a distinction between such an agreement and one depending upon a future contingency. We can see no room for the supposed distinction. The same legal capacity is required to make a contract to marry upon a contingency that is requisite to make an absolute contract to marry at a future period. A contract must be valid when entered into, or it never can be so.

The fact that suit for a divorce was pending, and that a judgment therefor was afterwards obtained, cannot affect the question. Until a divorce was actually granted, the appellant was under all the disabilities incident to coverture, and her agreement to marry the appellee was a nullity, and his agreement to marry her was without consideration. There can be no such thing as an agreement to marry which is valid as to one party and void as to the other.

Nor do we think the appellant can maintain an action on the agreement set forth in the second paragraph of her petition. It is true that she alleges compliance on her part, and that in consideration thereof the appellee undertook and agreed to furnish her and her children with a home; and it is also true, as a general rule, that when in consideration that one under disability will do a certain act, one under no disability promises and agrees to do an act or to pay a sum of money, and the former performs the agreement, the latter cannot set up the disability when sued for non-performance on his part.

But the demurrer in this case calls the petition in question upon every ground, and if it is bad upon any the judgment must be affirmed. The appellant could not lawfully contract to marry the appellee, and she had no legal right to enter into communication with him looking to a marriage after a divorce should be obtained; so long as she remained in law the wife of another, the law must refuse to recognize as valid, or to lend any assistance whatever for the enforcement of an agreement inconsistent with her legal status.

Although she had been abandoned by her husband without fault on her part, as long as the relation of husband and wife subsisted between them a reconciliation and a resumption of his marital rights and duties was possible, and public policy will not permit us to sanction or enforce an agreement, the whole tendency of which was to prevent a reconciliation between her and her husband.

The facts as stated in the petition bear with equal force upon the appellee as upon the appellant, and it is not out of regard for him that the law will not compel him to answer in damages for a breach of his agreement. If he had paid her a sum of money, or had conveyed her his farm, in consideration that she would leave Louisville and go to Mt. Washington in order that he might more conveniently, and at less expense, enjoy her society, and he was in court asking damages for a breach of the agreement on her part, he would not be heard.

The law intends to encourage the settlement of domestic broils, and the healing of breaches between husbands and wives, and discountenances, by all proper means, everything calculated to produce or keep alive conjugal estrangement; and it would be destructive of that purpose of the law to award damages for the breach of agreements like those set up in this case.

Judgment *affirmed*.

W. R. Thompson, J. W. Croan, E. D. Purdy, for appellant.
R. H. Field, R. J. Meyler, for appellee.